UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS JENKINS, | ) |
| | ) |
| Petitioner, | ) 13 C 4262 |
| | ) |
| vs. | ) Judge Feinerman |
| | ) |
| MARC HODGE, Warden, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Marcus Jenkins, an Illinois inmate serving a 33-year sentence for first degree murder, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Jenkins has moved to stay the suit, Doc. 5, while the Warden opposes a stay and has moved to dismiss for failure to exhaust, Doc. 12. Jenkins's motion is granted and the Warden's motion is denied.

**Background**

A jury convicted Jenkins of first degree murder, and the state trial court sentenced him to fifty years in prison. *People v. Jenkins*, 776 N.E.2d 755, 757 (Ill. App. 2002) (reproduced at Doc. 13-1). On direct appeal, Jenkins pressed three claims: (1) his inculpatory statements to police were involuntary and should have been suppressed; (2) he was denied a fair trial due to improper comments in the prosecutor's closing argument; and (3) his sentence was excessive. Doc. 13-2. The Appellate Court of Illinois affirmed. *Jenkins*, 776 N.E.2d at 762. Jenkins pressed the same three claims in a petition for leave to appeal ("PLA") filed with the Supreme Court of Illinois. Doc. 13-4. The PLA was denied. *People v. Jenkins*, 787 N.E.2d 177 (Ill. 2003) (reproduced at Doc. 13-5).

1

Jenkins then filed a *pro se* post-conviction petition in the state trial court. Doc. 13-21 at 13-72. The petition raised several claims, including: (1) Jenkins's trial counsel was ineffective for failing to interview certain witnesses and failing to file a written reconsideration motion following sentencing; and (2) his appellate counsel was ineffective for failing to argue that Jenkins's trial counsel was ineffective for failing to investigate certain witnesses, to file a written motion for reconsideration, and to argue that supplemental jury instructions were improper. *Ibid*. The trial court dismissed the petition, *id*. at 74, and Jenkins appealed, *id*. at 75-78; Doc. 13-6. The state appellate court vacated the dismissal and remanded, holding that Jenkins had stated "the gist of a constitutional claim" that his counsel on direct appeal had been ineffective for failing to include trial counsel's motion to reconsider in the appellate record. *People v. Jenkins*, No. 1-03-2856 (Ill. App. Apr. 7, 2005) (reproduced at Doc. 13-9).

On remand, Jenkins's appointed counsel filed a supplemental post-conviction petition, which added a claim that Jenkins's trial counsel was ineffective for failing to properly argue that Jenkins's incriminating statements had been coerced. Doc. 13-23 at 29-48. The state trial court granted Jenkins a new sentencing hearing on the ground that Jenkins's appellate counsel had been ineffective in preserving the appellate record, Doc. 13-34 at 100-01, and after further proceedings, including another trip to the state appellate court, *People v. Jenkins*, No. 1-09-1377 (Ill. App. Oct. 27, 2010) (reproduced at Doc. 13-13), Jenkins's sentence was ultimately reduced to 33 years, Doc. 13-35 at 188-89. Jenkins appealed, and the appellate court affirmed. *People v. Jenkins*, 2013 IL App (1st) 120905-U (Ill. App. May 8, 2013) (reproduced at Doc. 13-18). Jenkins did not file a PLA in the Supreme Court of Illinois. Doc. 1 at 3; Doc. 12 at 3.

In April 2013, Jenkins moved the state trial court for leave to file a successive post-conviction petition raising a new claim, *i.e.*, that his trial counsel was ineffective for failing to

2

request a second degree murder jury instruction. Doc. 1 at 6-7; Doc. 5 at 1. Two months later, Jenkins filed the present federal habeas petition, which presses only that claim. Doc. 1. Jenkins simultaneously moved to stay and hold in abeyance the federal petition so that he may attempt to exhaust his new ineffective assistance claim in state court. Doc. 5. As noted above, the Warden has opposed a stay and moved to dismiss the petition for failure to exhaust. Doc. 12. In the meantime, the state trial court denied Jenkins's motion for leave to file a successive post-conviction petition, and Jenkins appealed to the state appellate court. Doc. 14 at 2.

## Discussion

As a general rule, a federal habeas petition should be dismissed if the petitioner has not exhausted available state court remedies as to any of his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); 28 U.S.C. § 2254(b). Jenkins and the Warden agree that Jenkins has not exhausted his state court remedies for the habeas petition's sole claim. Doc. 12 at 5; Doc. 14 at 1. Jenkins argues that his petition should be stayed so that he can exhaust that claim in state court, lest the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1) expire before the state court proceedings conclude. Doc. 14 at 2-3.

"A prisoner seeking state postconviction relief might avoid [his federal petition becoming time-barred] by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *see also Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) ("[The Seventh Circuit has] gone so far as to suggest that it would be wise for a petitioner to file in both state and federal court simultaneously, particularly where there is some procedural uncertainty about the state court post-conviction proceeding, and then ask the district court to

stay the federal case until the state case concludes to ensure that she does not miss the one-year deadline"). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that federal district courts have the discretion to stay a habeas petition where there is "good cause for the petitioner's failure to exhaust his claims first in state court" and the unexhausted claims are not "plainly meritless." *Id*. at 277; *see also Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("[F]or nearly a decade, we have informed the district courts that whenever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action.").

The Warden does not argue that Jenkins's habeas claim is meritless, thus forfeiting the point for purposes of the present motions. *See G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Nor does the Warden contend that a stay is inappropriate because the petition does not include any unexhausted claims. The Warden does contend, however, that Jenkins "has not shown good cause for his failure to exhaust his claim in state court." Doc. 12 at 6. The court disagrees.

The one-year statute of limitations for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, a motion for leave to file a state post-conviction petition, which is what Jenkins has filed in state court, is not a "properly filed" application for post-conviction relief. *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) ("where state law requires pre-filing authorization—such as an application for permission to file a successive petition—simply taking steps to fulfill this requirement does not toll the statute of limitations"); *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000); *Tinker v. Hanks*, 172 F.3d 990, 991 (7th Cir. 1999), *vacated*, 531 U.S. 987 (2000), *reinstated*, 255 F.3d

444 (7th Cir. 2001). Thus, the period during which a motion for leave to file a successive post-conviction petition is pending in Illinois state court does not toll the limitations period unless leave is granted. *See Martinez*, 556 F.3d at 639.

The parties agree that Jenkins's conviction became final for purposes of § 2244(d)(1) on June 12, 2013. Doc. 12 at 7; Doc. 14 at 2. Jenkins thus had until June 12, 2014, to file a timely habeas petition. On September 6, 2013, the state trial court denied Jenkins's motion for leave to file a successive post-conviction petition—the petition seeking to raise the particular ineffective assistance claim he presses in federal court—and Jenkins appealed that decision to the state appellate court. Doc. 14 at 2. Jenkins argues that "the time it will take the appellate court to rule on [his] case will extend far beyond the June 2014 deadline to file his Habeas Petition," and asserts that if this court dismisses his habeas petition and if his state court appeal does not succeed, then the one-year limitations period will have expired by the time the state court proceedings conclude. *Ibid*. Under these circumstances, good cause exists to stay Jenkins's habeas petition. *See Tucker*, 538 F.3d at 735 ("When a district court's order dismissing a petition without prejudice will 'effectively end any chance at federal habeas review,' that is, when there is a substantial risk that it comes too late for the prisoner to re-file, district courts are to consider whether a stay might be more appropriate than an outright dismissal, regardless of whether the petitioner has made such a request."); *Dolis*, 454 F.3d at 723 (reversing the district court's dismissal of a habeas petition for failure to exhaust and remanding for consideration of a stay, reasoning that "[t]he situation that Dolis faces, in which a new federal petition would be barred as untimely, seems to us to be just such a 'special circumstance' where a dismissal without prejudice is effectively final"); *Tinker*, 172 F.3d at 991 ("The pendency of [a prisoner's] application for leave to file a state postconviction proceeding will not prevent them from filing

their federal habeas corpus action within one year, since any such action can, in the discretion of the district judge, be stayed pending the state appellate court's decision on the prisoner's application."); *Post v. Gilmore*, 111 F.3d 556, 557 (7th Cir. 1997) (holding that "the collateral attack should be stayed rather than dismissed" where dismissal "creates a substantial risk that refiling after the completion of the [state proceedings] will be untimely"). The Warden weakly disputes Jenkins's premise that the state court appeal will not conclude until after June 2014, Doc. 12 at 7, but he of course can only speculate that the appeal will be decided by then, leaving an unacceptable risk that it will not be and that, if the habeas petition is dismissed, Jenkins will be barred by § 2244(d)(1) from re-filing. *Cf. Tucker*, 538 F.3d at 735 (holding that a stay was not warranted because the habeas petitioner had five months to file his *first* state post-conviction petition, where there was no indication that the state court would reject the post-conviction filing on any procedural ground, and where the state court in fact resolved the post-conviction petition on the merits).

The Warden argues that a stay should nonetheless be denied because the Illinois courts are likely to find that Jenkins forfeited the ineffective assistance claim he raises here. Doc. 12 at 6. It is true that the Illinois courts may hold that Jenkins forfeited that claim, and it is also true that such a holding would result in Jenkins having procedurally defaulted the claim for purposes of federal habeas review. However, Jenkins would retain the ability to argue that the procedural default should be excused under the cause-and-prejudice or fundamental-miscarriage-of-justice exceptions. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Those are steep hills to climb, but the court is in no position to pre-judge arguments that Jenkins has yet to make under circumstances that have yet to arise.

**Conclusion**

For these reasons, Jenkins's motion to stay is granted and the Warden's motion to dismiss is denied. The habeas petition is stayed pending the conclusion of the state court proceedings regarding Jenkins's motion for leave to file a successive post-conviction. The Warden shall inform the court of any rulings in the pending state court appeal, and shall in all events file a status report by June 10, 2014.

March 7, 2014                                    _____
                                                 United States District Judge